# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL BARRIOS-HAUNSCHILD, <br><br> Plaintiff, <br> vs. <br> AURORA LOAN SERVICES LLC, <br><br> Defendant. | CASE NO. 11CV085 MMA (BLM) <br><br> **NOTICE AND ORDER RE: TENTATIVE RULINGS** |

Currently pending before the Court, and set for hearing on Monday, April 25, 2011, are Plaintiff Raquel Barrios-Haunschild's ex parte application for a temporary restraining order ("TRO") [Doc. No. 4], and Defendant Aurora Loan Services, LLC's ("Aurora") motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 2]. Having considered the parties' submissions, and in anticipation of Monday's hearing, the Court issues the following tentative rulings:

(1) The Court tentatively **DENIES** Plaintiff's ex parte request for a TRO to restrain Defendant from selling the real property located at 13424 Montecito Glen, San Diego, California [Doc. No. 4]. Plaintiff has not demonstrated the exigency required for ex parte relief because she has not shown there is any trustee's sale to enjoin nor any sale currently pending on the property. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008) (injunctive relief will not be issued "simply to prevent the possibility of some remote future injury"); Chambers Civ. R. II (the Court will entertain an ex parte application for a TRO only in "extraordinary circumstances").

1  Moreover, Plaintiff has not established she is likely to succeed on the merits of her claims because
2  the application fails to adequately analyze the merits of each of her claims. *Winter*, 129 S.Ct. at
3  374 (2008). Nor does Plaintiff's application or complaint allege an ability to tender the full
4  amount of the debt owed, which is generally a prerequisite for seeking to set aside the sale of the
5  property. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal.
6  2009).

7  (2) The Court tentatively **GRANTS** Defendant's motion to dismiss. Specifically, the Court
8  tentatively **DISMISSES WITHOUT PREJUDICE** Plaintiff's first claim for breach of contract.
9  Plaintiff cannot allege Aurora breached the Special Forbearance Agreement ("Agreement") when
10 it foreclosed on the subject property because the foreclosure proceedings were instituted after the
11 Agreement expired. (Compl. Exh. A, Attachment A ¶a.2; Compl. ¶10.) Plaintiff also does not
12 allege she met the conditions of Aurora's offer by providing the requisite financial documents.
13 Plaintiff is tentatively **GRANTED LEAVE TO AMEND** her breach of contract claim to the
14 extent she can allege she timely provided Aurora the "detailed hardship letter that is signed and
15 dated," and "financial information statement that is completed and signed by all parties." The
16 Court further finds leave to amend is tentatively warranted because Plaintiff's breach of contract
17 claim is not preempted by the Home Owners' Loan Act ("HOLA"). *Mincey v. World Savings*
18 *Bank, FSB*, 614 F. Supp. 2d 610, 643 (D.S.C. 2008) ("[A] breach of contract claim is not
19 preempted [by HOLA] to the extent that it alleges a conventional breach of contract claim."); *In re*
20 *Ocwen Loan Servicing, LLC Mortg. Servicing Litigation*, 491 F.3d 638, 641-43 (7th Cir. 2007).

21 (3) The Court tentatively **DISMISSES WITH PREJUDICE** Plaintiff's second and third
22 claims for intentional and negligent misrepresentation. Among other reasons, Plaintiff cannot
23 allege Aurora made false and fraudulent representations that it would not foreclose on her property
24 if she made timely payments. The Agreement unambiguously provides that her tender of payment
25 is not intended to be acceptance of a workout plan or loan modification by Aurora, and that
26 Aurora's forbearance from exercising its rights or remedies ceased upon expiration of the
27 Agreement on April 1, 2010. (Compl., Exh. A, Attachment A, ¶a.2.)
28

- 2 -                                  11CV085 MMA (BLM)

1     (4) The Court tentatively **DISMISSES WITHOUT PREJUDICE** Plaintiff's fourth claim
2 for declaratory relief because the claim is not a stand-alone claim, and Plaintiff's other substantive
3 claims are tentatively dismissed. *Team Enterprises, LLC v. Western Inv. Real Estate Trust,* 721 F.
4 Supp. 2d 898, 911 (E.D. Cal. 2010) ("declaratory relief claim falls with the demise of . . . other
5 claims and the absence of a cognizable justiciable controversy").

6     (5) The Court tentatively **DISMISSES WITH PREJUDICE** Plaintiff's fifth claim for
7 quiet title. Before a borrower can challenge a foreclosure sale, the "tender rule" requires that the
8 borrower's complaint show tender or the ability to tender the secured debt, *Karlsen, v. American*
9 *Sav. & Loan Assn.*, 15 Cal. App.3d 112, 117 (1971), unless requiring a showing of ability to tender
10 would be inequitable, s*ee Pantoja,* 640 F.Supp.2d at 1184 (citation omitted). Plaintiff's complaint
11 is devoid of facts showing an ability to tender the debt, nor does she allege it would be inequitable
12 to require her to allege ability an to tender.

13     Although Plaintiff might be able to allege tender of the amount owed, the Court tentatively
14 finds her quiet title claim should nonetheless be dismissed with prejudice and without leave to
15 amend because the claim is preempted by HOLA. Plaintiff's quiet title claim is based on her
16 allegations concerning the trustee's sale of the property. (Compl. ¶¶ 33, 10 ("Defendant . . .
17 fail[ed] to provide Plaintiff with a more permanent home retention option, and [retained] Plaintiff's
18 property at foreclosure sale.") Her claim attacks the initiation of the foreclosure process,
19 implicating the "[p]rocessing, origination, servicing, sale or purchase of . . . mortgages," and
20 therefore is expressly preempted under 12 C.F.R. section 560.2(b). *See*, *Becker v. Wells Fargo*
21 *Bank, N.A., Inc.*, 2011 WL 1103439 *19 (E.D. Cal. 2011) (quiet title claim based on factual
22 allegations of a "wrongful foreclosure" is preempted by HOLA).

23     (6) The Court tentatively **DISMISSES WITH PREJUDICE** Plaintiff's sixth claim for
24 violation of California Business and Professions Code section 17200**.** Plaintiff has not established
25 standing to bring a section 17200 claim because she has not pled she lost money or property as a
26 result of Defendant's unfair competition or business practices. CAL. BUS. & PROF. CODE § 17204;
27 *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007). Plaintiff cannot show Aurora
28

1 unconditionally offered her a more permanent home retention offer because the offer was
2 expressly conditioned on her providing the required financial documents. (Compl., Exh. B.)
3 Plaintiff's claim for lost money also does not satisfy section 17200's standing requirement because
4 she was already obligated to make payments under the terms of her promissory note.

5     (7) The Court tentatively **DISMISSES WITH PREJUDICE** Plaintiff's seventh claim for
6 violation of California Civil Code section 2923.6 because section 2923.6(b) does not create a
7 private right of action for borrowers. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 (2010)
8 ("[s]ection 2923.6 merely expresses the hope that lenders will offer loan modifications on certain
9 terms"); *Pantoja*, 640 F. Supp. 2d at 1188 (section 2923.6 does not create a private right of action).

10     (8) The Court tentatively **DISMISSES WITH PREJUDICE** Plaintiff's eighth claim for
11 violation of California Civil Code section 2923.5. Under the plain language of section 2923.5,
12 the only remedy provided is a postponement of the sale before it happens. Here, the foreclosure sale
13 has already occurred. Also, "the overwhelming weight of authority has held that a claim under §
14 2923.5 is preempted by HOLA." *Taguinod v. World Sav. Bank, FSB*, --- F.Supp.2d ---, 2010 WL
15 5185845 *8 (C.D. Cal. 2010).

16     The parties are advised the Court's rulings are tentative, and that barring stipulation to the
17 Court's tentative rulings, the Court will entertain oral argument at the hearing on April 25, 2011.

18     **IT IS SO ORDERED.**

20 DATED: April 22, 2011

21                                                 Hon. Michael M. Anello
22                                                 United States District Judge