# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL BARRIOS-HAUNSCHILD,<br><br>                                     Plaintiff,<br>  vs.<br>AURORA LOAN SERVICES LLC,<br><br>                                    Defendant. | CASE NO. 11 CV 85 MMA (BLM)<br><br>**NOTICE AND ORDER RE:**<br>**TENTATIVE RULINGS** |

Currently pending before the Court, and set for hearing on July 12, 2011, is Defendant Aurora Loan Services, LLC's ("Aurora") motion to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 15]. Having considered the parties' papers, and in anticipation of Tuesday's hearing, the Court issues the following tentative rulings:

(1) The Court tentatively **GRANTS** Defendant's motion to dismiss Plaintiff's First Amended Complaint. Specifically, the Court tentatively **DISMISSES** Plaintiff's first claim for breach of contract. To establish a breach of contract, plaintiff must properly allege four elements: (1) the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) the resulting damages to plaintiff. *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App.4th 1375, 1391 n. 6 (2004).

Plaintiff has not adequately alleged the existence of a contract that requires Aurora to provide Plaintiff a more permanent home retention option. "Preliminary negotiations or an agreement for future negotiations are not the functional equivalent of a valid, subsisting

1 agreement." *Kruse v. Bank of America*, 202 Cal. App. 3d 38, 59 (1988). "A manifestation of
2 willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or
3 has reason to know that the person making it does not intend to conclude a bargain until he has
4 made a further manifestation of assent." *Id* (internal citation omitted).

5 Plaintiff argues the Special Forbearance Agreement and December 23, 2009 letter creates a
6 valid offer for a more permanent home retention option. The Court disagrees. Aurora's December
7 23, 2009 letter is only a manifestation of willingness to enter a bargain because Aurora needed to
8 review Plaintiff's financial information before it could determine what type of option, if any, could
9 be presented. (*See First Amended Compl.* (*"FAC"*), Exh. B. ("please continue to make your
10 payments . . . until an analysis of a more permanent home retention option is complete.") The
11 allegations in Plaintiff's First Amended Complaint recognize that Aurora did not intend to
12 conclude a bargain until it could make a further manifestation of assent. (*See FAC ¶* 10
13 ("Defendant wanted to offer a more permanent home retention option, *but that until a more*
14 *permanent agreement can be made* Plaintiff is to continue her payments under the Special
15 Forbearance Agreement" (emphasis added).) Plaintiff's allegations regarding the December 23,
16 2009 letter, and her sending of financial materials in response to Aurora's request for information,
17 pertain to negotiations with Aurora regarding a possible more permanent home retention option,
18 and do not allege the existence of a contract.

19 Plaintiff also cannot allege Aurora breached the Special Forbearance Agreement by
20 retaining the subject property at the foreclosure sale. Under the terms of the Agreement, Aurora's
21 promise not to exercise its rights stemming from Plaintiff's loan default ended once the Agreement
22 expired on April 1, 2010. (*See FAC,* Exh. A ¶ 3; *id*. Attachment A ¶¶ a.1, b.) Plaintiff cannot
23 allege Aurora breached the Special Forbearance Agreement because the alleged wrongful
24 foreclosure proceedings occurred on October 4, 2010, *after* the Agreement expired. Based on the
25 aforementioned reasons, the Court also tentatively concludes Plaintiff's breach of contract claim
26 should be dismissed without leave to amend because it would be futile. *See Lopez v. Smith*, 203
27 F.3d 1122, 1130 (9th Cir. 2000).

28

 (2) The Court tentatively **DISMISSES** Plaintiff's second claim for declaratory relief because the claim is not a stand-alone claim, and Plaintiff's other substantive claim is tentatively dismissed. *Team Enterprises, LLC v. Western Inv. Real Estate Trust,* 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010) ("declaratory relief claim falls with the demise of . . . other claims and the absence of a cognizable justiciable controversy").

 The parties are advised the Court's rulings are tentative, and that barring stipulation to the Court's tentative rulings, the Court will entertain oral argument at the hearing on July 12, 2011.

**IT IS SO ORDERED.**

DATED: July 11, 2011

*[signature]*

Hon. Michael M. Anello
United States District Judge